Craig C. Marchiando (SBN 283829)
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1-A
Tel: (757) 930-3660
Fax: (757) 257-3450
Email@Email.com
craig@clalegal.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## Southern Division

| | |
|---|---|
| DANIEL CRESPO, JR., <br><br> Plaintiff, <br><br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., and AFFIRM HOLDINGS, INC., <br><br> Defendants. | Case No.: _____ <br><br> **PLAINTIFF'S COMPLAINT FOR FCRA VIOLATIONS** <br><br> **JURY TRIAL DEMANDED** |

COMES NOW Plaintiff, DANIEL CRESPO, JR. (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian") and AFFIRM HOLDINGS, INC. (hereinafter "Affirm") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## **PRELIMINARY STATEMENT**

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

1

2. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3. Consumer reporting agencies that create consumer reports, like Experian, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICATION, VENUE, AND PARTIES

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District as the principal address of Experian is in this District; a substantial portion of the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

9. Plaintiff is a natural person and resident of New Castle County in the State of Delaware. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Experian is a corporation headquartered at 475 Anton Boulevard, Costa Mesa, California 92626.

11. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12. Experian disburses such consumer reports to third parties under contract for monetary compensation.

13. Affirm is a corporation headquartered at 650 California Street, 12th floor, San Francisco, California 94108.

14. Affirm is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

15. Affirm furnished Plaintiff's information to Experian which was inaccurate.

3

## FACTUAL ALLEGATIONS

16. Plaintiff is alleged to owe a debt to Affirm, partial account number AT97*** (hereinafter "Affirm Account"). Plaintiff does not have an Affirm account, nor has he ever applied or gave permission to anyone to apply using his information for an account with Affirm.

17. On or about August of 2023, Plaintiff received an email from a debt collector seeking to collect a debt owed to Affirm.

18. Shortly thereafter, Plaintiff communicated with Affirm and disputed the debt. Affirm advised that the debt was for the purchase of $1,000 from Amazon. Plaintiff advised Affirm that he did not make that purchase and never opened an account with Affirm.

19. As requested, Plaintiff filled out Affirm's Identity Theft Affidavit. However, Plaintiff continued to receive calls from debt collectors attempting to collect the debt of the fraudulent Affirm Account.

20. On or about September of 2023, Plaintiff became aware of the Affirm Account being reported to his Experian credit report.

21. On or about October 19, 2023, Plaintiff filed a Federal Trade Commission Identity Theft Report. In this Report, he explained that he is a victim of identity theft and that the Affirm Account has been opened under his name and listed in his credit report.

22. On or about October 20, 2023, Plaintiff obtained a copy of his Experian credit report. Upon review, Plaintiff observed the Affirm Account was being

reported with a status of "Collection account. $1,048 past due as of September 2023."

23. Due to the inaccurate reporting by Experian, on or about October 26, 2023, Plaintiff mailed a detailed written dispute letter to Experian. Plaintiff explained that they were reporting names, an address and a phone number that did not belong to him. Further, Plaintiff explained the Affirm Account was not his and did not belong to him. Plaintiff included an image of his driver's license to confirm his identity. Plaintiff also included images of the erroneous credit reporting, letters from Affirm, images of his filed Federal Trade Commission Identity Theft Report, number 165497603, and other supporting documents.

24. Plaintiff mailed his detailed dispute letter to Experian via USPS Certified Mail, tracking number 7020 1290 0001 9900 0899.

25. On or about December 8, 2023, Plaintiff received dispute results from Experian which stated the Affirm Account was verified as accurate and would remain on his credit report. However, the inaccurate phone number was removed, and Experian updated names and Social Security Number on Plaintiff's report.

26. Despite providing Experian with all the relevant information needed to prove the Affirm Account was fraudulent and unauthorized, Experian continued to report the inaccurate account.

27. Experian failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher, Affirm.

28. Experian never attempted to contact Plaintiff during the alleged investigation.

29. Upon information and belief, Experian notified Affirm of Plaintiff's dispute. However, Affirm failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

30. Due to the continued inaccurate reporting, on or about December 19, 2023, Plaintiff mailed a second dispute letter to Experian regarding the fraudulent Affirm Account. Plaintiff explained that Experian was still reporting an inaccurate address. Further, Plaintiff reiterated the Affirm Account was not his and did not belong to him. Plaintiff again included an image of his driver's license to confirm his identity. Plaintiff also included images of the erroneous credit reporting, the dispute results, letters from Affirm, images of his filed Federal Trade Commission Identity Theft Report, number 165497603, and other supporting documents.

31. Plaintiff mailed his detailed dispute letter to Experian via USPS Certified Mail, tracking number 7020 1290 0001 9902 7377.

32. Although Plaintiff has confirmation of delivery on December 23, 2023, as of the filing of this Complaint, Plaintiff has not received dispute results in the mail from Experian.

33. Experian has never attempted to contact Plaintiff about his disputes and has refused to conduct a meaningful and thorough investigation into his disputes as it is required to by law or otherwise make his credit file accurate.

6
PLAINTIFF'S COMPLAINT

34. Despite Plaintiff's best efforts, Experian continued to report the inaccurate and fraudulent Affirm Account on Plaintiff's credit report. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

35. Experian simply continued to parrot off the back of Affirm and has not conducted an actual investigation despite Plaintiff's pleas.

36. Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

37. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

 i. Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

 ii. Loss of time attempting to cure the errors;

 iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

 iv. Reduction in credit score;

 v. Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit score; and

vi. Defamation as Defendants published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

38. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

39. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

40. Experian allowed for Furnisher(s) to report inaccurate information on an account.

41. Experian prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

42. Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

43. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

44. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

45. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, DANIEL CRESPO, JR., respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to Defendant, Experian Information Solutions, Inc. (Willful)

46. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

47. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

48. Experian allowed for Furnisher(s) to report inaccurate information on an account.

49. Experian prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

50. Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

51. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

52. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

53. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, DANIEL CRESPO, JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

# COUNT III
## Violation of 15 U.S.C. § 1681i as to
## Defendant, Experian Information Solutions, Inc. (Negligent)

54. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

55. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

56. Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

57. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

58. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

59. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, DANIEL CRESPO, JR., respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IV
### Violation of 15 U.S.C. § 1681i as to Defendant, Experian Information Solutions, Inc. (Willful)

60. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

61. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

62. Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

63. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

64. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

65. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, DANIEL CRESPO, JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT V
### Violation of 15 U.S.C § 1681s-2(b) as to Defendant, Affirm Holdings, Inc. (Negligent)

66. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

67. Affirm furnished inaccurate account information to Experian and through Experian to all of Plaintiff's potential lenders.

68. After receiving Plaintiff's disputes, Affirm violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Experian; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

69. Plaintiff provided all the relevant information and documents necessary for Affirm to have identified that the account was fraudulent.

70. Affirm did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Affirm by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

71. Affirm violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Experian after it had been notified that the information it was furnishing was inaccurate.

72. As a direct result of this conduct, action, and/or inaction of Affirm, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

73. The conduct, action, and inaction of Affirm was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

74. Plaintiff is entitled to recover costs and attorney's fees from Affirm in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, DANIEL CRESPO, JR., respectfully requests that this Court award actual damages against Defendant, AFFIRM HOLDINGS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT VI**
**Violation of 15 U.S.C § 1681s-2(b) as to**
**Defendant, Affirm Holdings, Inc. (Willful)**

75. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

76. Affirm furnished inaccurate account information to Experian and through Experian to all of Plaintiff's potential lenders.

77. After receiving Plaintiff's disputes, Affirm violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Experian; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

78. Plaintiff provided all the relevant information and documents necessary for Affirm to have identified that the account was fraudulent.

79. Affirm did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Affirm by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

80. Affirm violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Experian after it had been notified that the information it was furnishing was inaccurate.

81. As a direct result of this conduct, action, and/or inaction of Affirm, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

16
PLAINTIFF'S COMPLAINT

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

82. The conduct, action, and inaction of Affirm was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

83. Plaintiff is entitled to recover costs and attorney's fees from Affirm in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, DANIEL CRESPO, JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, AFFIRM HOLDINGS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, DANIEL CRESPO, JR., respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. and AFFIRM HOLDINGS, INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 3rd day of May 2024.

Respectfully Submitted,

**DANIEL CRESPO, JR.**

**/s/ Craig C. Marchiando**
Craig C. Marchiando (SBN 283829)
CONSUMER LITIGATION ASSOCIATES,
P.C. 4 Embarcadero Center Suite 1400
San Francisco, CA 94111
Tel: (757) 930-3660
Fax: (757) 257-3450 craig@clalegal.com

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorneys for Plaintiff*